UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEVONTE DESHAWN GWIN,<br><br>    Petitioner<br><br>    v.<br><br>MARTEL,<br><br>    Respondent. | Case No. CV 14-6083-MWF (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition ("Petition") and all pleadings, motions, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Report. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

    In his Objections, Petitioner has made various new assertions and claims not previously presented in this action or in connection with the issues addressed by the Report. A district court has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to a report and recommendation. *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002); *United States v. Howell*,

231 F.3d 615, 621-22 (9th Cir. 2000). The Court has exercised its discretion with respect to these new matters as discussed below.

Petitioner contends that he was entitled to de novo review of the claims raised in his state habeas proceedings simply because the California Supreme Court's Order denying relief was summary. (Objections at 2.) Petitioner is mistaken. *See Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 98-100 (2011).

Petitioner asserts that the Petition raises a sufficiency of the evidence claim that is broader than the claim he exhausted in the state courts and raised through Ground Six of the Petition. (Objections at 2.) This assertion is factually incorrect. (*See* Petition at (6) and 6F-6F2.) Moreover, any such expansion now of the sufficiency of the evidence challenge to Petitioner's conviction would be unexhausted and likely untimely.

To the extent that Plaintiff is attempting to challenge the propriety of certain trial evidence regarding Petitioner's mail and recordings of telephone calls on the ground that such evidence was obtained illegally (Objections at 9 & n.2, 12 & n.4-5, 14), this is a new claim that was not raised in the Petition. Whether or not this claim is unexhausted (and Petitioner does not state that it is exhausted) and/or untimely, habeas claims must be raised in the Petition and before the Magistrate Judge in the first instance, and they are not properly brought before the Court in objections to a Magistrate Judge's report and recommendation. *See Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrate Act"), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (*en banc*) (*per curiam*); *see also* Rule 2(c)(1) of the Rules Governing Section 2254 Cases in the United States District Courts (the petition "must" "specify all grounds for relief available to the petitioner");*Greene v. Henry*, 302 F.3d 1067, 1070 n.3 (9th Cir. 2002) (declining to

consider three additional ineffective assistance of counsel claims and noting, "since they were not made in the federal petition, we need not consider them"). The same conclusion follows as to Petitioner's attempted assertion of a new claim based on an "involuntary confession" (Objections at 14), namely, that this new claim is not properly presented for the first time in Objections to the Report and will not be considered.

The Court also declines to consider the other claims newly alleged in the Objections, including: a new claim of instructional error and unfair lessening of the burden of proof (Objections at 49-50); a new ineffective assistance of counsel claim related to Petitioner's gang moniker (Objections at 69-70); and various ineffective assistance of trial and appellate counsel claims that were raised in the state courts but were not raised in the Petition (Objections at 15-17 & n. 8-10).

Finally, in connection with Ground One subclaim (3), a prosecutorial misconduct claim, in arguing that the Magistrate Judge erred, Petitioner now attempts to establish that the trial court incorrectly ruled that a recording of a telephone conversation was admissible, and he argues that this evidence should have been suppressed. Petitioner asks the Court to "exercise independent judgment to determine whether, on the facts found[,] a search conducted by wiretap was unreasonable under the Fourth Amendment and whether the wiretap was authorized and conducted in conformity with the federal and state statutes regulating such a search." (Objections at 31.) Apart from the fact that this is a new (and likely unexhausted) claim that is not properly raised before the Court in Objections, any such claim appears to be barred under the doctrine established in *Stone v. Powell*, 428 U.S. 465 (1976). Accordingly, the Court declines to consider this new claim.

The Court has carefully considered Petitioner's Objections. Although the Objections are extremely lengthy and well-argued, the Court concludes that nothing set forth therein affects or alters, or calls into question, the analysis and conclusions set forth in the Report.

1    Having completed its review, the Court accepts the findings and
2 recommendations set forth in the Report.  Accordingly, **IT IS ORDERED** that: (1)
3 the Petition is DENIED; and (2) Judgment shall be entered dismissing this action
4 with prejudice.
5    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

7 DATE: February 6, 2017    _____
                            MICHAEL W. FITZGERALD
                            UNITED STATES DISTRICT JUDGE